# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FLOYD DEWAYNE WOFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-307-RAW-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Floyd Dewayne Wofford (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 9, 1972 and was 38 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a heavy equipment operator and pipe layer. Claimant alleges an inability to work beginning April 8, 2009 due to limitations resulting from right and left shoulder disorders, hip disorder, type II diabetes mellitus

3

with peripheral neuropathy, depression, anxiety disorder, high blood pressure, low back pain, and ischemic heart disease.

## Procedural History

On May 13, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 13, 2010, an administrative hearing was held before ALJ Trace Baldwin in Poteau, Oklahoma. On March 17, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on May 21, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) giving

4

Claimant's treating physician's opinions little weight; (2) engaging in a faulty credibility analysis; (3) failing to include all of Claimant's limitations in the RFC assessment; and (4) failing to include all of Claimant's severe impairments.

**Consideration of Treating Physician's Opinions**

In his decision, the ALJ determined Claimant suffered from the severe impairments of coronary artery disease, hypertension, diabetes, and obesity. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform a full range of light work. (Tr. 17). The ALJ used the grids to find Claimant to be not disabled. (Tr. 24).

Claimant contends the ALJ did not afford the appropriate weight to the opinion of his treating physician, Dr. Ben Cheek. On November 1, 2010, Dr. Cheek completed a Medical Source Statement on Claimant. Dr. Cheek limited Claimant's sitting to one hour continuously but 2 hours cumulatively in an 8-hour workday, standing continuously for less than 15 minutes and cumulatively for one hour in an 8-hour workday, walking continuously for 15 minutes and cumulatively for 2 hours in an 8-hour workday, and total combined walking and standing for 3 hours in an 8-hour workday. (Tr. 401). Dr. Cheek also restricted Claimant to occasionally lifting and carrying up to 10 pounds with no bending, squatting,

5

crawling, climbing, reaching above the head, stooping, crouching, or kneeling. Dr. Cheek identified Claimant's coronary artery disease and low back pain as the basis for his conclusions on Claimant's functional limitations. No restrictions were placed on Claimant's ability to use his hands for grasping, pushing and pulling, or fine manipulation or to use his feet for repetitive use of foot controls. Claimant was limited to no exposure to unprotected heights and only occasionally being around moving machinery, exposed to marked temperature changes, or driving automotive equipment. (Tr. 402). Dr. Cheek estimated Claimant's pain as "severe" based upon the objective sign of muscle spasms. He stated Claimant would sometimes need to take unscheduled breaks and his impairments would likely cause good days and bad days. Dr. Cheek estimated Claimant would be absent from work more than four days per month. (Tr. 403).

In his decision, the ALJ stated he gave full consideration to Dr. Cheek's opinion on Claimant's functional assessment but concluded it was not supported by his treatment records or the medical findings of other professionals. The ALJ stated that the only conditions referenced by Dr. Cheek to limit Claimant were coronary artery disease and chronic low back pain. The ALJ was critical that Dr. Cheek did not refer to any reports or clinical

findings to support his "pessimistic functional assessment." The ALJ referenced Dr. Cheek's treatment records, noting Claimant had seen Dr. Cheek on three occasions. (Tr. 22). The last time Claimant saw Dr. Cheek in October of 2010, Dr. Cheek noted no cardiovascular problems. Claimant was seeking treatment for bilateral leg pain which he described as "severe" which began 6 months prior to the visit. (Tr. 469). Dr. Cheek prescribed pain medication. (Tr. 471).

This Court first rejects Defendant's apparent argument that the ALJ challenged Dr. Cheek as a treating physician. Clearly, the ALJ accepted Dr. Cheek as Claimant's treating physician, which is not to say that he can weigh the frequency of visits in the balance of whether Dr. Cheek's opinions should be given controlling weight.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not

7

entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the

ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ adequately stated his basis for failing to give Dr. Cheek's opinion controlling weight. The conditions identified by Dr. Cheek which form the foundation for his low functional ability assessment were coronary artery disease and low back pain. His assessment essentially precludes any work activity by Claimant. While Claimant did suffer heart attacks and was fitted for a stent, the objective testing showed normal inflow and outflow with no evidence of obstructive disease in an examination in May of 2009. (Tr. 236, 238-39). Claimant underwent a stress test which was normal. (Tr. 359). Dr. Kashif Ramzan performed and echocardiogram in October of 2009 and found it "fairly normal" with Claimant chest pain free and all diagnostic studies negative. (Tr. 328). The consultative examiners found Claimant to have regular rhythm with no murmurs, gallops, rubs, or clicks. (Tr. 309).

Moreover, the examination by Dr. Ronald Schatzman in August of 2009 showed Claimant was non-tender in the cervical, thoracic, and lumbar-sacral spine with normal or full range of motion. Straight leg raising was negative bilaterally in both the supine and sitting positions. Claimant's gait was safe and stable with appropriate

speed and no assistive devices. (Tr. 328). In short, the ALJ properly documented the inconsistencies in both Dr. Cheek's treatment records and in the medical record as a whole to support his finding of allowing reduced weight to Dr. Cheek's functional assessment.

## Credibility Analysis

The ALJ found Claimant's testimony as to pain and limitations to be less than credible. (Tr. 18). Claimant reported chest pain, yet the medical record indicates Claimant received relief from the pain. He also testified to an inability to walk, sit, or stand without fatigue or stomach sickness. (Tr. 44). The medical record simply does not bear out limitations this extensive.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ also examined Claimant's allegations of pain in light of the requirements of Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).  The ALJ's conclusions as to Claimant's reduced credibility are supported by the medical record.

**RFC Determination**

Claimant contends the ALJ failed to include the limitations imposed by Dr. Cheek in his RFC findings.  As this Court has previously found herein, the ALJ adequately justified the reduced weight afforded Dr. Cheek's functional opinions.  It was not error for the ALJ to exclude those opinions from his RFC determination.

**Additional Severe Impairments**

Claimant also asserts the ALJ should have included depression

11

and anxiety as a severe impairments. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his

12

physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Claimant primarily bases his contention that a severe mental impairment should have been found upon the report of Dr. Patricia Walz from October of 2009. Dr. Walz noted Claimant suffered from anxiety or panic attacks due to his prior heart attacks. He also stated "he felt depressed lately" without any suicidal or homicidal ideations. (Tr. 363). Claimant had not sought psychiatric hospitalization or participated in counseling or psychotherapy. He stated he had taken Lexapro, as prescribed by Dr. Cheek, and found it "helpful." (Tr. 364).

Dr. Walz found Claimant to be cooperative, nicely dressed, with a sad mood and flat affect, clear and intelligible speech, logical and goal-oriented thought processes, no unusual or bizarre thought content, and no hallucinations. (Tr. 365). Dr. Walz found

13

Claimant's intellectual functioning at low average to average. (Tr. 366). Dr. Walz diagnosed Claimant with Depression and Anxiety Secondary to Medical Condition (heart issues) with a GAF of 55-60. Id. Claimant's ability to communicate and interact socially were adequate. He was able to concentrate well during Dr. Walz's session. His speed of information processing appeared average. (Tr. 367).

In October of 2009, Dr. Cynthia Kampschaefer completed a Psychiatric Review Technique on Claimant. She also noted depression and generalized anxiety related to Claimant's health. She only found mild functional limitations attributed to these conditions. (Tr. 395). Dr. Kampschaefer concluded that Claimant "does not appear to have severe functional mental limitations at this time." (Tr. 397).

Based upon the medical record and the functional assessments by the consultative examiners, the ALJ's decision to exclude depression and anxiety as severe impairments is supported by substantial evidence. Claimant has not demonstrated that these conditions preclude him from engaging in basic work activities.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing

14

reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE